```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     JACKSON DIVISION
```

LESLIE BERRYHILL, A MINOR,
BY AND THROUGH LISA BERRYHILL,
HER NATURAL MOTHER AND NEXT FRIEND;
ROBERT BERRYHILL, INDIVIDUALLY; AND
LISA BERRYHILL, INDIVIDUALLY                             PLAINTIFFS

VS.                               CIVIL ACTION NO. 3:03CV1293BN

THE CITY OF JACKSON, MISSISSIPPI;
ROBERT MOORE, INDIVIDUALLY, AND IN
HIS OFFICIAL CAPACITY AS DULY
COMMISSIONED AND APPOINTED POLICE
CHIEF OF THE CITY OF JACKSON,
MISSISSIPPI; WES FLYNT, INDIVIDUALLY,
AND IN HIS OFFICIAL CAPACITY AS A DULY
COMMISSIONED POLICY OFFICER OF THE
CITY OF JACKSON, MISSISSIPPI; JOHN
AND JANE DOES 1–3, INDIVIDUALLY, AND
IN THEIR OFFICIAL CAPACITY AS DULY
COMMISSIONED POLICY OFFICERS
AND/OR EMPLOYEES OF THE CITY OF
JACKSON, MISSISSIPPI                                     DEFENDANTS

**OPINION AND ORDER**

This cause is before the Court on Defendants' Motion to Amend Court's Opinion and Order, which the Court construes as a Motion for Reconsideration. Having considered the Motion and the Response, as well as supporting and opposing authority, the Court finds that the Motion is well taken and should be granted. The granting of the Motion for Reconsideration requires dismissal of this cause.

**I. Facts**

The facts of this case are set forth in detail in the Opinion and Order rendered by the undersigned on January 24, 2005 (hereinafter "January 24 Opinion") and filed with the Clerk of the Court on the same day under docket entry no. 40.  The "Facts" section of the January 24 Opinion are adopted herewith by reference.

**II. Analysis**

**(A) Standard for Reconsideration**

Motions to reconsider are analyzed under Rule 59(e) of the Federal Rules of Civil Procedure.  The United States Court of Appeals for the Fifth Circuit has held that under a Rule 59(e) motion to reconsider, a district court should consider the following non-exclusive list of factors: (1) the reasons set forth by the movant justifying consideration of evidence or arguments that the movant failed to present in the underlying motion (2) the importance of the reconsideration of the underlying motion to the movant's case (3) whether the reasons set for by the movant justifying reconsideration were available to the movant before they responded to the underlying motion and (4) the likelihood that the non-movants will suffer unfair prejudice if the motion is reconsidered. Sturges v. Moore, 73 Fed. Appx. 777, 778 (5th Cir. 2003) (citing Ford v. Elsbury, 32 F.3d 931, 937-38 (5th Cir. 1994)).  Litigants considering a Rule 59(e) motion have been "strongly cautioned" to carefully consider the grounds for such a motion. Atkins v. Marathon

Le Torneau Co., 130 F.R.D. 625, 626 n.1. (S.D. Miss. 1990). "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." Id.

**(B)   Application of Law to the Facts**

In the January 24 Opinion, Defendants' Motion for Summary Judgment was granted in part and denied in part. It was granted to the extent that counts one through four, Plaintiffs' claims based on federal law, were dismissed. The Motion was denied to the extent that Plaintiffs' claims based on Mississippi state law, counts five through eight, were not dismissed.

Counts five through eight were not dismissed because the Court found that it was required to exercise supplemental jurisdiction over those claims, notwithstanding the fact that all federal law claims were dismissed. The finding that supplemental jurisdiction must be exercised was based primarily on potential statute of limitations ramifications if the state law claims were dismissed. That is, if the state law claims were dismissed, the Court found that "a significant possibility exists that the [state law] claims will be time barred if re-asserted in a Mississippi state court." January 24 Opinion, p. 16. In the Motion for Reconsideration, Defendants pointed out a fallacy in the Court's analysis. That error must now be cured.

Under 28 U.S.C. § 1367(d):

3

> The period of limitations for any claim asserted under subsection (a)[1], and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

Section 1367(d) has been upheld by the United States Supreme Court as constitutional, and its tolling provisions apply to claims asserted against a municipality. Jinks v. Richland County, South Carolina, 538 U.S. 456, 465-66, 123 S.Ct. 1667, 155 L.Ed.3d 631 (2003).

Under the tolling provisions of § 1367(d), the Court now finds that if it declines the exercise of supplemental jurisdiction over Plaintiffs' state law causes of action, those claims will not be in jeopardy of dismissal on statute of limitations grounds if they are re-asserted in state court in a timely manner. Accordingly, this Court no longer has any justifiable reason to exercise supplemental jurisdiction over Plaintiffs' state law claims (counts five through eight), and those claims must be dismissed, without prejudice.[2]

---

[1] Under § 1367(a), federal courts are granted supplemental jurisdiction regarding claims that are "related to" other claims over which federal courts have original jurisdiction.

[2] For clarification purposes, the Court notes that through the January 24 Opinion, claims one through four were dismissed *with prejudice*. As the dismissal herewith of claims five through eight is not a decision on the merits, those claims must be dismissed *without prejudice*. Because no claims now remain, the case must be finally dismissed.

### III. Conclusion

In accordance with the above holdings:

IT IS THEREFORE ORDERED that Defendants' Motion to Amend Court's Opinion and Order [41] is hereby granted. Counts five through eight of Plaintiffs' Complaint are hereby dismissed, without prejudice.

IF IS FURTHER ORDERED that this cause of actions is hereby dismissed. A Final Judgment will be entered consistent with the holdings in this Opinion and the holdings in the January 24, 2005, Opinion.

SO ORDERED, this the 11th day of February, 2005.

                                                s/ William H. Barbour, Jr.
                                                UNITED STATES DISTRICT JUDGE

tct